STEPHEN F. LOPEZ, ESQ. (SBN 125058)
STEPHEN F. LOPEZ ESQ. APC
600 B Street Suite 2230
San Diego CA 92101
Telephone:   (858) 682-9666
Facsimile:   (619) 243-7215
Email:  Steve@sflopesq.com

Attorneys for Plaintiff Robert Rubio

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

ROBERT RUBIO

                Plaintiff,

v.

BANK OF AMERICA NATIONAL ASSOCIATION, a National Banking Association, OCWEN LOAN SERVICING LLC, WESTERN PROGRESSIVE LLC and DOES 1 to 25, inclusive

                Defendants.

Case No.:  3: 15-cv- 00989-JAH-MDD

**OPPOSITION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO MOTION TO DISMISS**

Date:  June 29, 2015
Time:  2:30 p.m.
Location;  Ctrm 13b

## I.

## INTRODUCTION

    This case presents a very simple set of facts.  The only matter at issue is whether or not Defendants complied with *California Code of Civil Procedure* section 2923.5 as a part of the foreclosure process.  Plaintiff has clearly and concisely stated a claim that they have not.  As a result this motion should be denied.

1

Rubio v. B of A                                                                                                              Opposition
3: 15-cv- 00989-JAH-MDD

## II.

## STATEMENT OF FACTS

As alleged in Plaintiff's complaint, he is the owner of the real property commonly known as 5504 Roanoke Street San Diego California.  Defendant Bank of America claims it is the holder of a note secured by a deed of trust on that property as result of an assignment that was recorded on September 14, 2014.  Western was substituted as trustee of the deed of trust on November 5, 2015 by Ocwen. Apparently acting as servicer of the note.  Bank of America and Ocwen claim that Plaintiff is in default under that note.  They now seek to foreclose based upon a notice of default recorded on February 12, 2012.  In pursuant of that foreclosure on December 12, 2014 Defendants recorded a notice of sale.  The sale is now pending.

## III.

## GENERAL RULES APPLICABLE TO A MOTION TO DISMISS

A motion to dismiss brought pursuant to *Federal Rules of Civil Procedure* rule 12(b)(6) tests the legal sufficiency of the claims stated in the complaint. In deciding such a motion, the court must decide whether the facts alleged, if true, would entitle plaintiff to some form of relief. Dismissal is proper only where there is either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*. (9th Cir. 1990) 901 F2d 696, 699.  Unless the court, based upon all facts alleged or reasonably assumed, can find no claim is stated or can be stated under the facts alleged, the motion must be denied. *Conley v. Gibson* (1957) 355 U.S. 41, 45-46; *De La Cruz v. Tormey* (9th

Cir. 1978) 582 F2d 45, 48. A . . . (a) motion to dismiss for failure to state a claim is viewed with disfavor. *Gilligan v. Jamco Development Corp.* (9th Cir. 1997) 108 F3d 246, 249.

In conducting a review of the complaint, the court must assume that all of its allegations are true even if even if the court has doubts. *Bell Atlantic Corp. v. Twombly* (2007) 550 U.S. 544. Plaintiff's ability to prove his allegations, or possible difficulties in making such proof, is generally of no concern in ruling on a Rule 12(b)(6) motion. In considering a 12(b)(6) motion, the Court should not inquire whether the plaintiff will ultimately prevail, only whether plaintiff is entitled to offer evidence to support his claims. *Nami v. Fauver* (3rd Cir. 1996) 82 F.3d 63, 65; *Allison v. California Adult Authority* (9th Cir. 1969) 419 F.2d 822, 823.

The test is whether the facts, as alleged, support any valid claim entitling plaintiff to relief…not necessarily the one intended by plaintiff. Thus, a complaint should not be dismissed because plaintiff relies on the wrong legal theory if the facts alleged support any valid theory. *Alvarez v. Hill* (9th Cir. 2008) 518 F.3d 1152, 1158; *McBeth v. Himes* (10th Cir. 2010) 598 F. 3d 708, 716; United States v. White (CD CA 1995) 893 F. Supp. 1432, 1428.

## IV.

## PLAINTIFF HAS STATED A CLAIM

This action is based upon violation of *California Civil Code* section 2923.5 as it existed in 2012. That section provides in relevant part:

(a)(1) A mortgagee, trustee, beneficiary, or authorized agent may not file a notice of default pursuant to Section 2924 until 30 days after initial contact is made as required by paragraph (2) or 30 days after satisfying the due diligence requirements as described in subdivision (g).

3

Rubio v. B of A                                                                               Opposition
3: 15-cv- 00989-JAH-MDD

(2) A mortgagee, beneficiary, or authorized agent shall contact the borrower in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure. During the initial contact, the mortgagee, beneficiary, or authorized agent shall advise the borrower that he or she has the right to request a subsequent meeting and, if requested, the mortgagee, beneficiary, or authorized agent shall schedule the meeting to occur within 14 days. The assessment of the borrower's financial situation and discussion of options may occur during the first contact, or at the subsequent meeting scheduled for that purpose. In either case, the borrower shall be provided the toll free telephone number made available by the United States Department of Housing and Urban Development (HUD) to find a HUD certified housing counseling agency. Any meeting may occur telephonically.

(b) A notice of default filed pursuant to Section 2924 shall include a declaration that the mortgagee, beneficiary, or authorized agent has contacted the borrower, has tried with due diligence to contact the borrower as required by this section, or that no contact was required pursuant to subdivision (h).

(d) A mortgagee's, beneficiary's, or authorized agent's loss mitigation personnel may participate by telephone during any contact required by this section.

(e) For purposes of this section, a "borrower" shall include a mortgagor or trustor.

(g) A notice of default may be filed pursuant to Section 2924 when a mortgagee, beneficiary, or authorized agent has not contacted a borrower as required by paragraph (2) of subdivision (a) provided that the failure to contact the borrower occurred despite the due diligence of the mortgagee, beneficiary, or authorized agent. For purposes of this section, "due diligence" shall require and mean all of the following:

(1) A mortgagee, beneficiary, or authorized agent shall first attempt to contact a borrower by sending a first class letter that includes the toll free telephone number made available by HUD to find a HUD certified housing counseling agency.

(2)(A) After the letter has been sent, the mortgagee, beneficiary, or authorized agent shall attempt to contact the borrower by telephone at least three times at different hours and on different days. Telephone calls shall be made to the primary telephone number on file.

(B) A mortgagee, beneficiary, or authorized agent may attempt to contact a borrower using an automated system to dial borrowers, provided that, if the telephone call is answered, the call is connected to a live representative of the mortgagee, beneficiary, or authorized agent.

(C) A mortgagee, beneficiary, or authorized agent satisfies the telephone contact requirements of this paragraph if it determines, after attempting contact pursuant to this paragraph, that the borrower's primary telephone number and secondary telephone number or numbers on file, if any, have been disconnected.

(3) If the borrower does not respond within two weeks after the telephone call requirements of paragraph (2) have been satisfied, the mortgagee, beneficiary, or authorized agent shall then send a certified letter, with return receipt requested.

(4) The mortgagee, beneficiary, or authorized agent shall provide a means for the borrower to contact it in a timely manner, including a toll free telephone number that will provide access to a live representative during business hours.

(5) The mortgagee, beneficiary, or authorized agent has posted a prominent link on the homepage of its Internet Web site, if any, to the following information:

(A) Options that may be available to borrowers who are unable to afford their mortgage payments and who wish to avoid foreclosure, and instructions to borrowers advising them on steps to take to explore those options.

(B) A list of financial documents borrowers should collect and be prepared to present to the mortgagee, beneficiary, or authorized agent when discussing options for avoiding foreclosure.

(C) A toll free telephone number for borrowers who wish to discuss options for avoiding foreclosure with their mortgagee, beneficiary, or authorized agent.

(D) The toll free telephone number made available by HUD to find a HUD certified housing counseling agency.

(h) Subdivisions (a), (c), and (g) shall not apply if any of the following occurs:

(1) The borrower has surrendered the property as evidenced by either a letter confirming the surrender or delivery of the keys to the property to the mortgagee, trustee, beneficiary, or authorized agent.

(2) The borrower has contracted with an organization, person, or entity whose primary business is advising people who have decided to leave their homes on how to extend the foreclosure process and avoid their contractual obligations to mortgagees or beneficiaries.

(3) A case has been filed by the borrower under Chapter 7, 11, 12, or 13 of Title 11 of the United States Code and the bankruptcy court has not entered an order closing or dismissing the bankruptcy case, or granting relief from a stay of foreclosure.

> (i) This section shall apply only to mortgages or deeds of trust recorded from January 1, 2003, to December 31, 2007, inclusive, that are secured by owner occupied residential real property containing no more than four dwelling units. For purposes of this subdivision, "owner occupied" means that the residence is the principal residence of the borrower as indicated to the lender in loan documents.
>
> (j) This section shall remain in effect only until January 1, 2013, and as of that date is repealed, unless a later enacted statute, that is enacted before January 1, 2013, deletes or extends that date.

Section 2923.5 was enacted by the legislature in response to the foreclosure crisis in California. *Mabry v. Superior Co*urt (2010) 185 Cal. App. 4th 208, 219. In order to comply with the statute, the lender must have actually contacted the borrower "in person or by telephone. ... (A)n initial form letter won't do." Lenders must contact the borrower by phone or in person to "assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." *Mabry v. Superior Court*, supra, 185 Cal. App. 4th at 221. "(C)ompliance with section 2923.5 is necessarily an individualized process. After all, the details of a borrower's financial situation and the options open to a particular borrower to avoid foreclosure are going to vary, sometimes widely, from borrower to borrower." *Mabry v. Superior Court*, supra, 185 Cal. App. 4th at 224.

This brings us to the other facts applicable to this case. As in *Mabry*, of course the defendants claim they did comply with the statute and did discuss the options to avoid foreclosure before they served and filed the notice of default on Plaintiff. As in *Mabry*, Plaintiff denies this is true. As noted by the *Mabry* court, this is a classic question of fact that must be resolved the trier of fact. *Mabry v. Superior Court*, supra, 185 Cal.App.4th at 215. See also, *Argueta v. J.P. Morgan Chase*, (E.D. Cal. 2011) 787 F. Supp. 2d 1099, 1107 (Motion to dismiss

not granted when Plaintiff alleged declaration of contact in notice of default was not true.) *Caravantes v. California Reconveyance Co.,* No. 10CV1407, 2010 WL 4055560, at *8 (S.D. Cal. Oct. 14, 2010) (Improper to take judicial notice of declaration of compliance with section 2023.5 when the complaint shows this is disputed.) *Barrionuevo v. Chase Bank, N.A.*, 885 F. Supp. 2d 964, 976-77 (N.D. Cal. 2012)  (When a plaintiff's allegations dispute the validity of defendant's declaration of compliance in a Notice of Default the plaintiff has plead 'enough facts to state a claim to relief that is plausible on its face.); *Rossberg v. Bank of Am., N.A.*, (2013) 219 Cal. App. 4th 1481, 1494 , as modified on denial of reh'g (Sept. 26, 2013), review denied (Nov. 26, 2013)

In the complaint Plaintiff disputes Defendants' claim of compliance.  As a result the motion must be denied

## V.

## THE STATUTE OF LIMITATIONS HAS NOT RUN

Defendants argue that the statute of limitations on Plaintiff's claim for violation of section 2923.5 has run because the notice of default was recorded more than 3 years before suit was filed.  This argument is contrary to the purpose of the statute and the only available remedy, injunctive relief to stop the sale. *Mehta v. Wells Fargo Bank, N.A.*, 737 F. Supp. 2d 1185, 1194 (S.D. Cal. 2010).  A non judicial foreclosure is not over after the notice of default is recorded. The sale requires further acts, including a notice of sale. Something that was not done in this case until December 2014.  Before the notice of sale was recorded and the date of sale set, there was nothing for Plaintiff to enjoin.  The claim for violation of section 2023.5 is a continuing claim that

continues up to the date of the sale. E.g. *Indep. Hous. Servs. of San Francisco v. Fillmore Ctr. Associates*, 840 F. Supp. 1328, 1360 (N.D. Cal. 1993)

In the event the Court is inclined to find otherwise, the Court should grant Plaintiff leave to amend to state a claim based upon tolling of the statute of limitations.

## VI.
## CONCLUSION

Plaintiff has stated a valid and timely claim for injunctive relief under Californian Civil Code section 2923.5. Defendants' motion to dismiss should be denied.

Dated: June 15, 2015                             STEPHEN F. LOPEZ ESQ. APC

By: /s/ Stephen F. Lopez
Stephen F. Lopez, Attorneys for
Plaintiff Robert Rubio

# CERTIFICATE OF SERVICE

I declare that I am a citizen of the United States and reside in City of San Diego State of California. I am over the age of 18 years and not a party to the within case or proceeding. My business address is 600 B Street, Suite 2230, San Diego, CA 92101.

On June 15, 2015, I served a true and correct copy of the within document entitled OPPOSITION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO MOTION TO DISMISS on the parties and/or their attorneys of record, by causing the above said Report to be filed with the Clerk electronically to be served on all parties of record via electronic service.

I certify and declare the above to be true under penalty of perjury and that this certificate of service is dated June 15, 2015, at San Diego, California.

           /s/ Stephen F. Lopez
           Stephen F. Lopez

9

Rubio v. B of A                     Opposition
3: 15-cv- 00989-JAH-MDD